**In–Sun CHO, Tae Hoon Kim, Plaintiffs,**

v.

**ITCO, INC., Grover M. Lee, Dennis Lee, Ronnie Lee, Defendants.**

**No. 1:91CV838.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 4, 1991.

Richard Ellis Turkel, Orange, Tex., for plaintiffs.

P. Lynwood Sanders, Sanders & Gunn, Stephen D. Carlton, Orange, Tex., for defendants.

## MEMORANDUM AND AMENDED INJUNCTION

COBB, District Judge.

This case arises under 42 U.S.C.A. §§ 1981, 1982 (West 1981). The plaintiffs, In-Sun Cho and Tae Hoon Kim, claim that the defendants, Itco, Inc., Grover Lee, Dennis Lee, and Ronnie Lee refused to sell certain commercial real estate to the plaintiffs because the plaintiffs are of Korean descent.[1] The plaintiffs bring suit for damages and for a preliminary injunction to prevent the sale of the property in question to any other buyer pending resolution of this matter. The suit for damages will be tried before a jury. The court now considers the motion for preliminary injunction pending final resolution of the issues.

Mr. Cho operates a washateria on premises he leases from the defendants. Mr. Kim is Mr. Cho's brother-in-law and he aids in Mr. Cho's business affairs. The parties executed the lease in October, 1984. At the close of the five year term of the original lease in October, 1989, the plaintiffs became holdover tenants by continuing to occupy the leased premises and paying monthly rent. *See Bockelmann v. Marynick*, 788 S.W.2d 569, 571 (Tex.1990).

---

1. Mr. Cho is a resident alien of Korean descent. He sues under section 1981's guarantee of equal rights to make and enforce contracts for all persons within the jurisdiction of the United States. Mr. Kim is a citizen of the United States of Korean extraction. He sues under the guarantees of the right to inherit, purchase, lease, sell, hold, and convey real property for all citizens in section 1982 as well as the contract rights in section 1981.

In October, 1990, the plaintiffs again held over. *See Willeke v. Bailey*, 189 S.W.2d 477, 481, 144 Tex. 157 (Tex.1945) (second holdover year created by holding over in similar manner as under first holdover year). The terms of the holdover tenancy are the same as for the original lease. *See Barragan v. Munoz*, 525 S.W.2d 559, 561 (Tex.Civ.App.—El Paso, 1975 no writ). Thus, the option clause of the lease remained in effect during the holdover tenancy.

The plaintiffs attempted to exercise the option in May, 1990. According to the plaintiffs, the defendants originally agreed to sell the property but later refused. The defendants claim that their refusal was the result of a prior deal to sell the property to the owners of the neighboring doughnut shop for $100,000.

A preliminary injunction may issue only if the court finds (1) a substantial likelihood that movant will prevail on the merits; (2) substantial threat that the movant will suffer irreparable injury if relief is denied; (3) the threatened injury to the movant outweighs any damage injunction may do to the nonmoving party; and (4) the injunction will not disserve the public interest. *United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405, 407–08 (5th Cir.1990).

▮▮▮ The first factor requires a showing that the movants have a substantial likelihood of success on the merits. The likelihood of success need not be one of absolute certainty, however. *Sebastian v. Texas Dept. of Corrections*, 541 F.Supp. 970, 975 (S.D.Tex.1982). It is enough that the movant has raised questions going to the merits so serious, substantial, and doubtful as to make them fair ground for litigation and thus for more deliberate investigation. *Id.* Further, where the other factors are strong, showing of some likelihood of success on the merits will justify an injunction. *Productos Carnic, S.A. v. Central Am. Beef & Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir.1980); *Entertainment and Sports Programming Network, Inc. v. Edinburg Community Hotel, Inc.*, 735 F.Supp. 1334 (S.D.Tex.1986).

Here, the plaintiffs have presented sufficient likelihood of success to merit preliminary injunctive relief. The plaintiffs have adduced evidence that the defendants refused their offer of $125,000 and subsequently attempted to sell the property for $100,000 to a Caucasian person. The defendants claim that the reason that the defendants refused the plaintiffs' offer was that the defendants had a prior agreement with the owners of the neighboring doughnut shop to sell them the property. The only evidence of this prior agreement is a cancelled check for $5,000 which was allegedly the down payment. First, this check does not satisfy the Texas Statute of Frauds for an agreement for the purchase of land. Second, the check was dated May 24, 1990 but was paid by the bank on June 21, 1990, well after the plaintiffs' offer. These facts raise questions sufficient to meet the test of substantial likelihood of success on the merits.

▮▮▮ The second factor requires a finding that the movant will suffer irreparable harm if the injunction is denied. An injury is irreparable if it cannot be undone through monetary remedies. *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir.1981). The threat that a party will be driven out of business or lose customer goodwill if a preliminary injunction is not granted may constitute irreparable harm. *Optivision, Inc. v. Syracuse Shopping Center, Associates*, 472 F.Supp. 665, 668 (N.D.N.Y.1979). If this court fails to issue a preliminary injunction, the plaintiffs will be forced to vacate the space in which they have conducted their business for seven years. The plaintiffs' customers will be forced to use other merchants, depriving the plaintiffs of the goodwill established in seven years at the same location. The disruption which would be caused by loss of possession of the premises would constitute irreparable harm to the plaintiffs.

The third factor requires a finding that the irreparable harm suffered by the movant will not be outweighed by countervailing harm to the non-movant. Here, the harm to be suffered by the non-movant would be the inability to alienate or other-

wise interfere with the movant's possession until adjudication of the matter on the merits. Clearly, this constitutes some harm, as the non-movants would be unable to do with their property as they wish. However, the non-movants are not faced with the imminent demise or debilitation of a business in which they have invested seven years of their lives. This court must find that the balance tips for the movants.

The last factor requires a determination that issuing an injunction would be in the public interest. Given the remedial purpose of sections 1981 and 1982, this court finds that the public policy of the United States would be served by an injunction.

The defendants are hereby enjoined from attempting in any way to alienate, encumber, lease, occupy, eject or attempt to eject, or in any manner interfere with plaintiffs' possession and quiet enjoyment of the premises the subject of this lawsuit, namely the north portion of 1404 Strickland, Orange County, Texas, until final resolution of this matter or further order by this court.

Plaintiffs are ordered to post a $5,000 bond with the clerk of the court.