IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10157
Summary Calendar

_____


BLUEBONNET SAVINGS BANK, et al.,

Plaintiffs-Appellees,

VERSUS

DIRECTOR, OFFICE OF THRIFT SUPERVISION, et al.,

Defendants,

FEDERAL DEPOSIT INSURANCE CORPORATION,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:91-CV-1066-X)

_____

(July 21, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]


The Federal Deposit Insurance Corporation ("FDIC") ap-
peals a preliminary injunction that prohibits it, during the pen-
dency of the underlying action, from exercising its rights under
a warrant agreement. While we appreciate the district court's

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens
on the legal profession." Pursuant to that rule, the court has determined
that this opinion should not be published.

diligent efforts to resolve this matter, we conclude that it utilized an incorrect test in issuing the injunction. Accordingly, we vacate and remand.

I.

Our requirements for a preliminary injunction are well established:

> First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest.

Cherokee Pump & Equip. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994) (citation omitted). These requirements are indeed steep:

> A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.

Id. (citation and internal quotation omitted).

As to the first factor))likelihood of success))the district court, citing only Cho v. Itco, Inc., 782 F. Supp. 1183, 1185 (E.D. Tex. 1991), states that "[i]t is enough that the movant has raised questions going to the merits so substantial as to make them fair ground for litigation and thus for more deliberate investigation." This is not an accurate statement of the law, for it would mean that almost any complaint that could withstand a motion under FED. R. CIV. P. 12(b) would satisfy the likelihood-of-success factor.

2

Aside from stating that substantial issues await trial, the district court has not explained how the plaintiffs are likely to prevail.  Indeed, from the district court's opinion it is not evident whether the court actually thinks the plaintiffs will prevail or only that they might do so.

We have stated that the importance of the likelihood-of-success element varies with the relative harm occasioned to the parties from the issuance vel non of the injunction.  See Canal Auth. v. Callaway, 489 F.2d 567, 577 (5th Cir. 1974).  While the district court has found that the harm to Bluebonnet outweighs the harm to the FDIC, the court overlooks the fact that while the injunction is in effect, the FDIC is unable to exercise its rights as a shareholder, such as being able to share in dividends and to enforce the protections provided by the fiduciary duty owed to Bluebonnet by its board of directors.  In short, as the FDIC avers, "[t]he preliminary injunction has deprived the FDIC of the ability to protect the economic interest in Bluebonnet that it presently possesses by virtue of its status as a warrant holder."

We also note that while Bluebonnet, as movant, must show irreparable harm, the FDIC only must show harm, whether or not irreparable, that outweighs Bluebonnet's.  And under the sliding-scale analysis in Canal Authority, see, e.g., Apple Barrel Prods. v. Beard, 730 F.2d 384, 389  n.11 (5th Cir. 1984), the likelihood of success must be higher to the extent that the harm to the two sides is not seriously out of balance.

In short, the district court, with the best of intentions, has not properly considered the relationship between and among the four factors or the proper meaning of "likelihood of success." As the decision to enter an injunction is discretionary, the district court should make the decision, in the first instance, using the proper test. In other words, we are not in a position, at this point, to second-guess the district court and apply the factors on appeal.

## II.

We also question whether the FDIC was given proper notice that the December 1994 hearing was to be on a preliminary injunction rather than just for a temporary restraining order ("TRO"). The FDIC argues that this seriously affected its ability to present enough evidence to defeat the injunction. The parties agree that there was inadequate notice under FED. R. CIV. P. 6(d). Moreover, the district court gave several indications, during the hearing, that all it was considering was a TRO. For example, the court stated, "[F]or right now, this is just what it says it is. It's a temporary restraining order because I don't know what's really driving this."

If the district court elects, in light of this opinion, to consider again the entry of an injunction, it should provide full notice and the opportunity for a full hearing. Any such a hearing, it should apply the standards for a preliminary injunction that we have outlined above.

4

The order granting a preliminary injunction is VACATED, and this matter is remanded for further proceedings.  We express no view on the ultimate merits of this litigation.