Lauro BARRAGAN, d/b/a Del Norte Saddlery, Appellant,

v.

Juan MUNOZ, d/b/a Fisher Hotel, Appellee.

No. 6417.

Court of Civil Appeals of Texas, El Paso.

June 25, 1975.

Scott, Hulse, Marshall & Feuille, Stephen B. Tatem, Jr., El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Malcolm Harris, El Paso, for appellee.

## OPINION

WARD, Justice.

The tenant, Lauro Barragan, sued his landlord, Juan Munoz, for the damages sustained to a stock of merchandise occasioned by water coming from the premises which were under the control and possession of the landlord. At the conclusion of the plaintiff's case, the Court instructed the jury to return a verdict for the defendant. We affirm.

The tenant operates a western-wear store on the first floor of a three-story building known as the Fisher Hotel in El Paso. The landlord has retained the possession of the top two floors of the building where he conducts his business known as the Fisher Hotel. On the morning of October 13, 1969, a concealed water pipe located between the second and third floors and above a vacant room in the hotel developed a leak. The water seeped through the floor of the second story and flowed into the Appellant's premises, and the damages resulted. Appellant's claim for recovery for his loss is based on alternative theories of trespass, negligence and res ipsa loquitur.

The Appellant occupied his leased premises as a tenant since 1947. The most recent written lease covering the premises prior to the flooding was for the term of April 1, 1953, through March 31, 1955, and since the expiration of that lease the tenant has continued to occupy the same premises and paid the same rent of $175.00 a month as called for in the lease. The landlord urges that a hold harmless clause contained in Paragraph Ninth of this written lease controls the disposition of this case. Paragraph Ninth is to the effect that the landlord shall not be liable to the tenant for damages to property from latent or patent defects in the building, nor for damages to property "occasioned by or from plumbing, gas, water, steam and other pipes or apparatus being out of repair." Such exculpatory provisions are not contrary to public policy and are valid and enforceable. *Mitterlehner v. Mercantile National Bank at Dallas*, 378 S.W.2d 137 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). The question is then presented as to whether or not the tenant is bound by these terms of the expired lease by virtue of the "holdover doctrine." It is the rule that proof of holding over after the expiration of a term fixed in the lease gives rise to the presumption that the holdover tenant continues to be bound by the covenants which were binding upon him during the term, in the absence of evidence to the contrary. 49 A.L.R.2d 483. The law implies an agreement on the part of the landlord that he will let and on the part of the tenant that he will hold on the terms of the expired lease. *Overstreet v. Houston Oil Co.*, 64 S.W.2d 354 (Tex.Civ. App.—Beaumont 1933, writ ref'd). The

holding over is normally a lease for a year binding on both parties in the absence of an express or implied agreement to the contrary. A second and subsequent holdover year can be created by holding over after the expiration of the first holdover year. *Willeke v. Bailey*, 144 Tex. 157, 189 S.W.2d 477 (1945); 35 Tex.Jur.2d Landlord and Tenant § 26, p. 510.

■ The Appellant relies upon Paragraph Eighth of the expired lease as being the necessary contrary evidence which keeps the tenant from being bound by the exculpatory clause. Paragraph Eighth provides that:

"It is agreed that this lease terminates at the time herein specified and should Lessee tender his monthly rental for the month next ensuing after the termination hereof or for any other month and same be accepted by lessor, same shall not renew his lease, but he shall be regarded as a tenant-at-will for such time as he may continue to remain in and upon the premises after the expiration hereof, * *."

Regardless of any such paragraph, all leases terminate by their own terms upon expiration, and where the tenant remains in possession and rent continues to be accepted the terms of the expired lease are presumed to continue, absent agreement to the contrary. The only change made in the present case was that the duration of the holdover was to be at will. Where a landlord and his tenant have agreed to a holding over but have made certain changes in the expired lease, the rule is that the tenant is still bound by the remaining covenants. 49 A.L.R.2d 490. Whether a particular clause in an original lease is applicable to a holdover depends upon the nature of the clause, that is, whether it was consistent with the new situation. The exculpatory clause in this case is as consistent to the situation after the holding over as it was during the term of the original lease.

■ The parties had allocated the risk of possible loss by the terms of the written lease. The tenant, knowing that he could not look to the landlord for the damages, had protected himself with insurance coverage and was so covered on October 13, 1969. The tenant points this out by stating this is a subrogation case brought on behalf of the United States Fire Insurance Company of New York in the name of its insurer. In addition, the tenant testified he thought he was still operating under the written lease. We hold that the exculpatory clause remained in effect and barred recovery against the landlord for any negligence or unintentional trespass caused by the plumbing.

■ Additionally, we fail to see any evidence of a cause of action. The Appellant's points complain of the directed verdict and insist that there was legally sufficient evidence to support the submission of the Appellee's negligence in failing to properly maintain the plumbing in the building, in failing to discover the water leak prior to the damage, and in failing to provide adequate supervision for the detection of water leaks. This being an instructed verdict case, the evidence is to be considered in its most favorable light in support of the plaintiff's position. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970). The rule means we must view only the evidence and all reasonable inferences to be drawn therefrom most favorable to the plaintiff's cause of action and disregard all contrary evidence and inferences.

In the case before us, there is no conflict in the evidence and it is very brief. As to liability, the plaintiff called only himself and the hotel manager, and both testified from depositions. The manager of the hotel said that he relieved his night clerk at 8:00 A.M. on the morning in question. Two hours later, a maid, while making her rounds in the hotel, reported that she had found water in Room 5, which had been

unoccupied. The manager saw that the leak was coming from the ceiling in that room and he cut a hole in the ceiling where he found the leaking pipe. He shut the water off and repaired the pipe by capping it. He then saw some water in the store on the first floor below the room in question and attempted to telephone the Appellant. He stated that this pipe had not leaked before, that it was a concealed pipe located between the second and third floor of the building, and that it could not have been inspected without tearing down the walls and the whole building. He estimated that the building was seventy years old, that repairs and replacements had been made to the plumbing while he was there, that there had been other leaks in the pipes and from overflow from fixtures, but that prior to the instant case there had been no indication of a leakng pipe in Room 5. Nothing was offered as to the time or method used in inspecting the premises or as to when the last inspection of the room was made before the discovery. There is no evidence as to the condition of the water pipe that broke other than a possible inference that it might be old. There is no evidence of the volume of water that had leaked out or of the size of the leak itself. There is nothing to use in estimating the time that the leak had existed. There is no evidence as to the condition of the exterior of the pipe around the break so that a determination could be made as to what a possible inspection might have shown regarding any visible defect.

The plaintiff testified that he had been a tenant on these same premises and with the same lessor since 1947, that he and his lessor were close friends, that lessor had told him when the written lease expired to continue on as before and that he didn't need to sign a new lease. He did not visit the premises until the day after the leak had been repaired and he offered nothing as to the quantity of water which had entered his premises. He was silent as to any possible previous water leaks in the premises during his twenty-two years of continuous occupancy.

Where the landlord retains possession and control of a portion of the leased premises, such as in this case, then the landlord is charged with the duty of ordinary care in maintaining the portion retained so as not to damage the tenant. He is not an insurer but he is responsible for his own negligence. *Brown v. Frontier Theatres, Inc.,* 369 S.W.2d 299 (Tex.1963); see Anno. 35 A.L.R.3d 143, at 200. Under the facts before us, we hold that there is no evidence of any negligence on any of the grounds charged.

We further find no evidence in the record to support the submission of the theory of res ipsa loquitur. We know that an ordinary water pipe in an inaccessible part of the property under the landlord's control sprung a leak. The control factor is present but the fact that such a water pipe sprung a leak is not of that character of accident as would support a reasonable inference that the lessor was negligent in causing or permitting it to occur. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974). These facts distinguish this incident from those in a case decided by this Court forty years ago where we approved the application of res ipsa loquitur when a faucet or toilet was permitted to overflow at the same Fisher Hotel. See *Washington v. Ravel,* 14 S.W.2d 367 (Tex.Civ.App.—El Paso 1929, no writ).

Points are also presented as to the failure to submit the Appellant's theory that the water flowing onto his property created a trespass. These points are overruled as at best there was an unintentional and non-negligent intrusion caused by a failure to act. No abnormally dangerous activity is involved nor has any affirmative volitional act been done which immediately caused an invasion of the lessee's property rights. *Ruiz v. Forman,* 514 S.W.2d 817

(Tex.Civ.App.—El Paso 1974, writ dism'd); *First City National Bank of Houston v. Japhet,* 390 S.W.2d 70 (Tex.Civ.App.— Houston 1965, writ dism'd).

We have considered all of the Appellant's points concerning the liability of the lessor and they are overruled. Certain damage issue points are not reached.

The judgment of the trial court is affirmed.