

# NUMBER 13-08-00028-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **SAN JACINTO TITLE SERVICES OF CORPUS CHRISTI, LLC AND MARK S. SUVER,** | **Appellants,** |
| **v.** | |
| **LIZA A. PRATT,** | **Appellee.** |

## On appeal from the 28th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

On February 3, 2010, appellant San Jacinto Title Services of Corpus Christi, LLC (San Jacinto) and appellee Liza A. Pratt filed an agreed motion to dismiss San Jacinto from this case with prejudice pursuant to a settlement between those two parties. *See* TEX. R. APP. P. 42.1(a)(2), (c). By our opinion today, we grant that motion and issue judgment

dismissing San Jacinto from the case.[1]  We also withdraw our opinion and judgment of December 17, 2009, and substitute the following.[2]

This appeal involves a real estate transaction between appellant Mark S. Suver and Pratt facilitated at the offices of San Jacinto.  Plaintiff Suver appeals the trial court's judgment, after a bench trial, in favor of defendant Pratt.  By two issues, Suver complains that (1) the trial court erred in nullifying his ad valorem tax lien against Pratt; and (2) the trial court failed to remove his Internal Revenue Service (IRS) tax lien on the property, on which he intends to foreclose.  We affirm.

## I.  BACKGROUND

Pratt owned a house in Corpus Christi that was infested by mold and burdened by substantial tax liens held by both the IRS and Nueces County.  In late February 2004, on the Thursday before the Tuesday courthouse foreclosure of her home, Pratt was approached by Suver, who offered her an opportunity to avoid foreclosure by selling him the house.  To remove her house from the foreclosure list, Pratt entered into an installment payment plan with Nueces County for her delinquent ad valorem taxes. Suver agreed to help Pratt by paying Nueces County the first installment of $3,000.  Suver and Pratt then came to an agreement regarding the sale of the house.  By their agreement, Pratt would seller-finance the house with a zero-percent-interest $50,000 promissory note from Suver to Pratt.  Suver agreed to make the payments on Pratt's installment agreement with

---

[1]Appellant Mark S. Suver remains a party to the case and is subject to the judgment of this Court.

[2]San Jacinto and Pratt's motion to dismiss indicates that the parties' settlement was not conditioned on withdrawal of this Court's earlier opinion.  *See* TEX. R. APP. P. 42.1(c).  Moreover, more than ten days have passed since the filing of the motion to dismiss, and Suver has not filed a response.  *See* TEX. R. APP. P. 10.3.

2

Nueces County for the delinquent ad valorem taxes and to be ultimately responsible for the entire amount of the delinquency. Suver also agreed to obtain a complete release of Pratt's obligations to the IRS. Suver and Pratt agreed that the house would serve as collateral for their agreement.

Shortly thereafter, Suver and Pratt signed a written contract for the sale of the house, which purported to memorialize their agreement and provided for a March 15, 2004 closing. San Jacinto escrowed the contract and agreed to conduct the closing. Because Suver was unable to obtain the funds to close on March 15, 2004, the closing date was moved to March 26, 2004.

After the closing, Suver took possession of the closing documents. Before recording the documents, however, Suver altered the "Clauses and Covenants" portion of the deed of trust by crossing out "Grantor" and handwriting in "Grantee," which effectively changed the obligation to "pay all taxes and assessments on the property" from himself to Pratt. Suver then recorded the documents.

In the year following the closing, Suver failed to make payment on the $50,000 promissory note. He did pay all of the delinquent ad valorem property taxes and secured a release of the IRS's lien on the house by paying $50,000 to the IRS on Pratt's behalf. However, the IRS is still pursuing Pratt personally for $56,102.01 in past due federal income taxes.

Because of his non-payment on the promissory note and failure to fulfill his promise to obtain a complete release of all obligations Pratt has to the IRS, Pratt sent a letter to Suver in October 2005, notifying him of her intention to sell the house in a non-judicial

3

foreclosure sale. Suver filed this lawsuit in December 2005, to enjoin the foreclosure and obtain damages for wrongful foreclosure. The trial court granted a temporary restraining order, and after a hearing, the trial court granted a temporary injunction enjoining the foreclosure sale. Pratt filed her answer and counterclaims against Suver, alleging causes of action for breach of contract and fraud. In September 2006, Pratt added San Jacinto as a third-party defendant and filed claims against San Jacinto for breach of contract, fraud and misrepresentation, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

The case was tried to the bench in October 2007, and the trial court entered judgment in favor of Pratt. The judgment, in relevant part, lifted the injunction granted by the trial court to Suver to prevent Pratt's non-judicial foreclosure on the property, reformed the deed of trust to delete the hand-written alterations by Suver and reflect tax liens on the property, and ordered that the defendants were jointly and severally liable to Pratt for $55,289.23. All other relief requested by the parties and not specifically granted by the judgment was denied. The trial court also issued twenty-five pages of findings of fact and conclusions of law. In its conclusions of law, the trial court found Suver liable for breach of contract.

## II. STANDARD OF REVIEW

In an appeal of a bench trial on the merits, findings of fact and conclusions of law are specifically and meaningfully tied to appropriate standards of appellate review and are therefore truly beneficial to appellate review. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex. 1992). Legal and factual sufficiency of the evidence standards of review

4

govern an appeal of a bench trial, and accordingly, it is incumbent upon the appellant to attack the findings by appropriate legal and factual sufficiency points of error. *Carrasco v. Stewart*, 224 S.W.3d 363, 366-67 (Tex. App.–El Paso 2006, no pet.); *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 580 (Tex. App.–El Paso 2004, pet. denied). When a party appeals from a bench trial, it must complain of specific findings and conclusions of the trial court. *Carrasco*, 224 S.W.3d at 367; *see also Colmenero v. Martinez*, No. 13-08-00246-CV, 2008 WL 4938277, at *4 (Tex. App.–Corpus Christi Nov. 20, 2008, pet. denied) (mem. op.). A general complaint against the trial court's judgment does not present a justiciable question. *Carrasco*, 224 S.W.3d at 367; *see also Colmenero*, 2008 WL 4938277, at *4. Although findings of fact are not conclusive when, as in this case, a complete reporter's record appears in the record, "unchallenged findings of fact are binding on the appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *City of Corpus Christi v. Taylor*, 126 S.W.3d 712, 717 (Tex. App.–Corpus Christi 2004, pet. withdrawn).

## III. DISCUSSION

### A. The Ad Valorem Tax Lien

In his first issue, Suver argues that the trial court erred in nullifying his ad valorem tax lien against Pratt. Prior to closing, Pratt executed and Suver recorded with Nueces County a document entitled "Affidavit of Transfer of Tax Lien." Suver contends that the document transferred the lien held by Nueces County to him and that, because the lien was never properly released, the trial court erred in nullifying the document. The premise of Suver's argument is flawed, however. The thrust of Suver's argument appears to be

5

aimed at preserving a lien related to the delinquent ad valorem taxes he alleges still exists in his favor against Pratt. However, in his brief, Suver expressly disclaims any challenge to the findings of fact issued by the trial court, which we conclude were supported by the evidence and not erroneous as a matter of law and which provide, in relevant part, that:

20. Sometime prior to March 23, 2004, Suver obtained Pratt's signature on a document titled "Affidavit of Transfer of Tax Lien," admitted at trial as Plaintiff's Exhibit 4 ("PX-4").

. . . .

22. Suver represented to Pratt that –

    a.    PX-4 was a document used to facilitate closing.

    b.    PX-4 was a document used to establish to the satisfaction of San Jacinto that an agreement had been made for payment of the delinquent ad valorem taxes.

. . . .

25. It was never intended that PX-4 was to be used as a document to transfer a tax lien held by Nueces County to Suver.

26. With respect to PX-4, the intention of Pratt and Suver was that, effective upon closing, the terms and obligations contained in PX-4 would merge into the closing documents and no longer be effective, as Suver was assuming the obligation to pay all taxes referenced by PX-4.

Because we are bound by the preceding findings of the trial court, we are unpersuaded by Suver's argument that he still holds a lien on the property in question—no lien was ever created by the document in question. *See Taylor*, 126 S.W.3d at 717 (holding that unchallenged findings of fact are binding on the appellate court unless the contrary is established by appellant as a matter of law or there is no evidence to support the finding). Suver's first issue is overruled.

6

## B. The IRS Tax Lien

By his second issue, Suver appears to proclaim his intention to foreclose a lien he supposedly holds on the property for paying $50,000 of Pratt's federal income tax delinquency. However, by this issue, Suver does not complain of any error by the trial court or ask this Court for any relief. *See Pac. Employers Ins. Co. v. Dayton*, 958 S.W.2d 452, 455 (Tex. App.–Fort Worth 1997, pet. denied) (holding that a mere abstract proposition of law or general complaint is "too general and indefinite to merit our review"); *see also* TEX. R. APP. P. 38.1(i), (j). Finding no controversy to resolve in Suver's second issue, we overrule it. *See Dayton*, 958 S.W.2d at 455 (overruling appellant's issue where the court was "unable to discern any specific complaint regarding any action, inaction, or ruling of the trial court"); *see also* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

Having overruled Suver's issues, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
4th day of March, 2010.

7