

# NUMBER 13-09-00448-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MARIA KAZERANI F/K/A MARIA CHONG,** | **Appellant,** |
| **v.** | |
| **KYONG TAEK CHONG,** | **Appellee.** |

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Maria Kazerani, appeals the trial court's judgment that she take nothing in the underlying motion for enforcement of a divorce decree and her claims for fraud, breach of fiduciary duty, and requests for attorneys' fees and costs, and the trial court's order that Kazerani pay the attorneys' fees, post-judgment interest and costs of appellee, Kyong Taek Chong. By four issues, Kazerani argues that: (1) the trial court erred by denying her request for a jury trial on all claims other than her action for enforcement of the

property division in the divorce decree; (2) the trial court erred by construing the divorce decree as (a) creating a contract for deed, rather than a lien on the subject property, (b) precluding foreclosure unless Chong failed to make any payments whatsoever, and (c) allowing Chong to forego monthly payments by paying a lump sum in partial satisfaction of the total amount due; (3) the trial court's findings were not supported by legally and factually sufficient evidence; and (4) the issue of attorneys' fees should be remanded to (a) allow the trial court to re-examine the fee award in light of any appellate relief Kazerani obtains and (b) require Chong to segregate recoverable from unrecoverable fees.  We affirm.

## I. BACKGROUND

In this case, we determine whether a former spouse is entitled to recover half of the proceeds of a condemnation award based on a lien created in a divorce decree.  Maria Kazerani and Kyong Taek Chong were married in 1988, and the trial court signed a final decree of divorce (the "decree") on January 17, 2001.  The decree, including an agreed provision of property division for the property in question, was admitted into evidence at trial and provides in pertinent part:

8.    *Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

Property to Husband

IT IS ORDERED AND DECREED that the husband KYONG TAEK CHONG, is awarded the following as his sole and separate property, and the wife is divested of all right title, interest, and claim in and to that property:

H-1.   The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service

2

contracts, and title and closing document:

> a.   The South 15 Acres of Lot 19 La Lomita Hoit Subdivision also known as 6 ½ Mile N. La Lomita Rd., McAllen, Texas.

> MARIA CHONG [Kazerani] shall maintain a lien on the 15 acres and the mobile home Santa Fe model trade name Clayton, serial number CLW003195 TX subject to KYONG T. CHONG paying the sum of $20,000.00 at a rate of $300.00 per month commencing November 15, 2000. In the event, KYONG TAEK CHONG fails to make payments and is in default for more than 60 days MARIA CHONG shall be allowed to sell the South 15 Acres of Lot 19 La Lomita Hoit Subdivision and the mobile home Santa Fe model, trade name Clayton, serial number CLW003195 TX and the proceeds are to be divided equally between the parties.

Following the court's final entering of this decree, Chong made monthly payments to Kazerani. On July 15, 2002, Chong made a large advance payment of $5,100 to Kazerani as payment for the next seventeen months. According to Chong's records, he continued to make payments on a monthly basis despite being well-ahead of the payment schedule ordered in the decree. Again, according to Chong's records, these regular payments stopped in September of 2004 when the balance remaining on the $20,000 lien was $1,100. Chong made an additional payment in December of 2004, bringing the total balance remaining to $800. Subsequently, Chong did not make another payment for fourteen months—making the final $800 payment in cash on February 2, 2006.

On May 4, 2006, the City of McAllen notified Chong that it was initiating condemnation proceedings on the property that was subject to Kazerani's lien in order to build a park and stormwater drainage system. On or about July 24, 2006, Chong and Kazerani met in order for Chong to confirm that the lien had been paid off entirely. The testimony indicated that Chong had informed Kazerani of the condemnation proceeding at least by this date. Kazerani disputed that the lien had been paid in full.

Kazerani subsequently filed a motion to enforce the divorce decree's property

3

division under Chapter 9 of the Texas Family Code, seeking to adjudicate her lien against the property. In that motion, Kazerani contended that Chong had failed to make timely payments in accordance with the decree, and therefore, she was entitled to recover half of the property's value. Kazerani also filed a petition for post-divorce division of property unrelated to the condemnation.

In his answer, Chong asserted counterclaims for declaratory judgment, quieting title, and slander of title, seeking actual and punitive damages and attorneys' fees. Thereafter, Kazerani amended her petition to allege independent causes of action for fraud and breach of fiduciary duty against Chong.

Meanwhile, in the condemnation case by the City, a final judgment was signed on November 14, 2008, in which title to the property vested in the City in exchange for payment totaling $775,000. The court ordered that $200,000 be disbursed to Chong immediately and that the remainder be deposited into the court's registry pending the outcome of Kazerani's claims against the proceeds.

Except for her enforcement claim, Kazerani requested a jury trial and paid the jury fee for the remaining causes against Chong on the eve of trial. Kazerani did not seek a severance of her tort claims from her enforcement claim. The district court denied her request for a jury trial and proceeded to judgment following a bench trial. In the court's final judgment, Kazerani was ordered to take nothing on her motion for enforcement and her claims for fraud, breach of fiduciary duty, and attorneys' fees and costs. The court awarded Chong all of the condemnation proceeds, $102,480.00 in attorneys' fees, and $5,957.09 in expenses, post-judgment interest, and costs. At Kazerani's request, the court made comprehensive findings of fact and conclusions of law including interpretation of the consent decree, the credibility of the witnesses, attorneys' fees and the frivolity of

4

Kazerani's suit.  This appeal ensued.

## II. STANDARDS OF REVIEW AND APPLICABLE LAW

"We review the trial court's denial of a jury demand for an abuse of discretion."  *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (citing *State v. Wood Oil Distrib. Inc.*, 751 S.W.2d 863, 865 (Tex. 1988)).  In conducting an abuse of discretion review, we examine the entire record.  *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987).  "We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles."  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court's findings of fact in a bench trial "have the same force and dignity as the jury's verdict upon questions."  *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex. App.–Dallas 1997, writ denied) (en banc).  Findings of fact are reviewable for legal and factual sufficiency of the evidence. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).  Because legal and factual sufficiency of the evidence standards of review govern appeals of non-jury trials on the merits, it is incumbent upon the appellant to attack the findings by appropriate legal and factual sufficiency points of error.  *Carrasco v. Stewart*, 224 S.W.3d 363, 366-67 (Tex. App.–El Paso 2006, no pet.); *see also Ramirez v. Calhoun County*, No. 13-09-00018-CV, 2009 Tex. App. LEXIS 9798, at *11 (Tex. App.–Corpus Christi Dec. 29, 2009, no pet.) (mem. op. "When a party appeals from a non-jury trial, it must complain of specific findings and conclusions of the trial court, because a general complaint against the trial court's judgment does not present a justiciable question." *Carrasco*, 224 S.W.3d at 367.

The test for legal sufficiency is "[w]hether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review."  *City of Keller v.*

5

*Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). An appellant challenging the legal sufficiency of an adverse finding on which it had the burden of proof must demonstrate that the evidence conclusively established all vital facts. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). The reviewing court considers the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 807.

When reviewing a judgment for factual sufficiency, we consider all of the evidence and will "set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *see Dow Chem. Co.*, 46 S.W.3d at 241 (requiring that the verdict must be "against the great weight and preponderance of the evidence" in order to be reversed).

We review legal conclusions de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Villagomez v. Rockwood Specialties, Inc.*, 210 S.W.3d 720, 748 (Tex. App.–Corpus Christi 2006, pet. denied). "When we conduct our de novo review of conclusions of law, the judgment will be upheld if it can be sustained on any legal theory supported by the evidence." *Villagomez* 210 S.W.3d at 748 (citing *Harlingen Irrigation Dist. v. Caprock Commc'ns Corp.*, 49 S.W.3d 520, 530 (Tex. App.–Corpus Christi 2001, pet. denied). "A trial court's conclusions of law may not be reviewed for factual sufficiency and may be reversed only if they are erroneous as a matter of law." *Villagomez*, 210 S.W.3d at 748 (citing *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.–Austin 1999, pet. denied); *Hofland v. Fireman's Fund Ins. Co.*, 907 S.W.2d 597, 599 (Tex. App.–Corpus Christi 1995, no writ)). Incorrect conclusions of law do not require reversal, provided that the controlling findings of fact support a correct legal theory under

6

which the judgment would be supported. *Id.* (citing *Stable Energy*, 999 S.W.2d at 547).

## III. ANALYSIS

### A. Entitlement to Jury Trial

By her first issue, Kazerani contends that the trial court erred by denying her request for a jury trial on all claims other than her action for enforcement of the property division in the divorce decree.[1] We disagree.

First, Kazerani argues that she was entitled to a jury trial on the claims she brought against Chong for fraud and breach of fiduciary duty. The United States and Texas Constitutions guarantee the right to trial by jury. *See* U.S. CONST. art. III, § 2; TEX. CONST. art. I, § 15. Assuming, without deciding, that the denial of a jury trial on these claims was an abuse of discretion by the trial court, we next determine if that abuse of discretion was harmful. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). An abuse of discretion in denying a jury trial is harmless if either party would be entitled to an instructed verdict. *See Caldwell v. Barnes*, 154, S.W.3d 93, 98 (Tex. 2004) ("The wrongful denial of a jury trial is harmful when the case contains a question of material fact."); *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curium) ("A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."). There is no evidence in the record that would support either of Kazerani's independent claims, and in fact, all evidence shows that there was no misrepresentation made to Kazerani whatsoever, and further, there is no evidence to even establish that a fiduciary duty existed at all, much less that such a duty

---

[1] The parties agree that Kazerani was not entitled to a jury trial for her motion to enforce the property division in the divorce decree. Texas Family Code section 9.005 provides that "[a] party may not demand a jury trial if the procedures to enforce a decree of divorce or annulment provided by this subchapter are invoked." *See* TEX. FAM. CODE § 9.005 (Vernon 2006).

7

was breached. There was no issue of material fact on these claims. Therefore, we find that an instructed verdict would have been proper on both claims and that denying a jury trial on these claims was harmless.

Second, Kazerani argues that she was entitled to a jury trial on Chong's counterclaims for slander of title, quieting title and declaratory judgment. The outcome of each of these claims is necessarily determined by the outcome of the action to enforce the property division in the divorce decree. The elements of each of these claims are such that if the trial court found in favor of Chong in the action to enforce the property division, Chong would necessarily prevail in each of these claims, and if the trial court found in favor of Kazerani, Chong would necessarily lose under each of these claims. For that reason, it is clear to us that each of these claims, when joined with the action to enforce the property division in the divorce decree, were cumulative of that action. Therefore, without seeking severance, Kazerani was not entitled to a jury trial on Chong's independent claims. *See* TEX. FAM. CODE ANN. § 9.005; *see also O'Neal v. Forehand*, No. 13-08-457-CV, 2009 Tex. App. LEXIS 5091, at *6-7 (Tex. App.–Corpus Christi July 2, 2009, pet. denied) (mem. op., not designated for publication) (noting that the appellant in that case, by bringing an action to enforce a divorce decree, "showed that she was invoking the provisions of the family code. Therefore, she was precluded from demanding a jury trial [on the independent claims]."). For this reason, we hold that the trial court did not abuse its discretion in denying Kazerani's request for a jury trial. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985) (stating the standard for abuse of discretion).

For the reasons stated, we overrule Kazerani's first issue.

## B.   The Divorce Decree

By her second and third issues, Kazerani argues that the trial court erred by construing the divorce decree as (1) creating a contract for deed, rather than a lien on the subject property, (2) precluding foreclosure unless Chong failed to make any payments whatsoever, and (3) allowing Chong to forego monthly payments by paying a lump sum in partial satisfaction of the total amount due.  By her third issue, Kazerani argues that the trial court's findings were not supported by legally and factually sufficient evidence.

### 1.   Construction of the Divorce Decree

By her third sub-issue in her second issue, Kazerani gets to the heart of the merits of this case, arguing that the trial court erred in its construction of the divorce decree because its interpretation allowed Chong to make a lump sum payment in order to get ahead of schedule on payments, and did not require him to make continuous monthly payments once he was ahead of the payment schedule.  We review this interpretation of the divorce decree de novo.

The divorce decree provides that Kazerani shall maintain a lien on the property "subject to [Chong] paying the sum of $20,000.00 at a rate of $300.00 per month commencing November 15, 2000.  In the event [Chong] fails to make payments and is in default for more than 60 days [Kazerani may sell the property]. . ."  So long as Chong met this obligation, having never fallen more than sixty days behind on his payments, the lien was discharged, and the other provisions allowing foreclosure and sale of the property are immaterial.  The language is clear by its plain meaning, and therefore, we uphold the trial court's ruling that the divorce decree did not require continuous payments on a monthly basis so long as sixty days had not passed since Chong was last up to date on his

9

payments. Assuming that Chong made a lump sum payment of $5,100 on July 15, 2002, he was at that time seventeen payments ahead of schedule, and therefore, he was at no time in default of his payment schedule, much less in default for the sixty-day period required in order to enforce the lien. Being so far ahead, this is true even if, as Kazerani argues, Chong missed some payments and had some checks returned to Kazerani for insufficient funds.

Because of our construction of the divorce decree, Kazerani's first and second sub-issues in her second issue are immaterial. Whether the trial court interpreted the decree as creating a contract for deed, rather than a lien on the subject property, is irrelevant if no default or right to foreclosure exists. Likewise, it is irrelevant whether the decree also precluded foreclosure unless Chong failed to make any payments whatsoever, because under our construction of the decree, Kazerani is prevented from foreclosing on the lien regardless. Therefore, even if we assume, arguendo, that these findings by the trial court were error, they were harmless. For the foregoing reasons, we overrule Kazerani's second issue.

### 2. Legal and Factual Sufficiency of the Evidence

By her third issue, Kazerani contends that the trial court's findings that Chong satisfied his obligations under the divorce decree were not supported by legally and factually sufficient evidence.

The test for legal sufficiency is "[w]hether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. Kazerani must demonstrate that the evidence conclusively established all vital facts to support her interpretation of the divorce decree. *See Dow Chem. Co.*, 46

S.W.3d at 241. We must consider the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 807. Kazerani's entire argument for this issue on appeal requires a construction of the divorce decree that precludes Chong from making a lump sum payment in partial satisfaction of the debt owed on the lien. As we have noted above, this is not the correct interpretation of the decree, and therefore, all evidence will be evaluated under our interpretation. The trial court saw evidence of Chong's pay ledger, along with checks cleared through his bank. The trial court heard testimony from both Chong and Kazerani that Chong had initially made monthly payments on time, that he made a lump sum payment of $5100 (which Kazerani claims was for a separate debt), and that thereafter, he continued to make monthly payments—with some being late or returned for insufficient funds—until $19,200 of the debt had been paid. The trial court also heard testimony that before the next payment was due, Chong made additional cash payments in the amount of $800, discharging the lien on the property. We consider this evidence in a light most favorable to the judgment, and hold that a reasonable fact-finder could have reached the judgment that the trial court reached in this case. *City of Keller*, 168 S.W.3d at 827. Therefore, we hold that the evidence was legally sufficient to support the judgment. *See id*.

When reviewing a judgment for factual sufficiency, we consider all of the evidence and will "set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain*, 709 S.W.2d at 176; *see Dow Chem. Co.*, 46 S.W.3d at 241 (requiring that the verdict must be "against the great weight and preponderance of the evidence" in order to be reversed).. Kazerani presented evidence

11

that some of the payments made by Chong did not clear his bank immediately, that the lump sum payment of $5,100 was for a different debt, and that the lien had not been discharged by total payment. As we have noted above, there was strong contrary evidence on each of these points, and therefore, we cannot say that the trial court's judgment was against the great weight and preponderance of the evidence. Accordingly, we hold that the evidence was factually sufficient to support the judgment, and we overrule Kazerani's third issue. *See Cain*, 709 S.W.2d at 176.

## C. Attorney's Fees

By her fourth issue, Kazerani argues that this Court should remand this case for a new trial on the issue of attorneys' fees because Chong failed to segregate fees between the family code action and the various other claims litigated between the parties. We review the trial court's award of attorneys' fees for an abuse of discretion. *Dillard Dep't Stores, Inc. v. Gonzales*, 78 S.W.3d 398, 412 (Tex. App.–El Paso 2002, pet. denied).

In its findings of fact 85, 86, and 87, the trial court found that Chong had $102,480 in attorneys' fees and $5,957.09 in expenses relating to "Petitioner's Motion for Enforcement of Property Division," additionally finding that "the attorneys' fees and expenses incurred in connection with defending [Kazerani's] claims and in prosecuting [Chong's] counterclaims for attorneys' fees, costs, and declaratory judgment are inextricably intertwined." Kazerani asserts that because Chong's suits for slander of title and his suit to quiet title could not be awarded attorney's fees, Chong was required to segregate the billed fees and costs associated with those claims. *See Scherer v. Angell*, 253 S.W.3d 777, 783 (Tex. App.–Amarillo 2007, no pet.) (noting that slander of title does not support attorneys' fees); *Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981

12

S.W.2d 951, 957 (Tex. App.–Houston [1st Dist.] 1998, pet. denied) (holding that attorneys' fees are not recoverable in a suit to quiet title). The trial court, however, specifically noted that the attorneys' fees were being awarded solely for "Petitioner's Motion for Enforcement of Property Division," which are authorized under section 9.014 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 9.014 (Vernon 2006).

The trial court heard evidence as to the attorneys' fees, and it was within the trial court's discretion to determine that the entire amount of costs that were billed were for the motion to enforce the property division, and that none of the fees were for the claims under which attorneys' fees were not recoverable. We can not hold that the trial court's decision was arbitrary, unreasonable, or without reference to guiding principles, and therefore, we find no abuse of discretion. *See Downer*, 701 S.W.2d at 241-42. Accordingly, we overrule Kazerani's fourth issue.

## IV. CONCLUSION

Because we have overruled all of Kazerani's issues on appeal, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
30th day of December, 2010.

13