# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00406-CV

---

**The Shefman Family Limited Partnership, Appellant**

**v.**

**Los Gallos Mexican Restaurant, LLC, Appellee**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2024-0538D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## O P I N I O N

This is a permissive interlocutory appeal from the district court's partial summary judgment ordering The Shefman Family Limited Partnership, as landlord, to sell certain real property to Los Gallos Mexican Restaurant, LLC, as tenant, pursuant to a right of first refusal (ROFR) in their Commercial Lease. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). When Los Gallos attempted to exercise the ROFR, the lease's original term had already terminated, and Los Gallos had become "a tenant from month to month" under the lease's holdover provision. The controlling question of law is whether the ROFR remained valid and enforceable after Los Gallos became a "tenant from month to month" under the holdover provision. We answer the question "yes" and therefore affirm the district court's order.

## BACKGROUND & PROCEDURAL HISTORY

For purposes of this appeal, the material facts are simple and undisputed. Shefman owns commercial real estate in New Braunfels (the Property). The Property is a single strip center building with three storefronts. Shefman leases one of the storefronts to Los Gallos to operate a Mexican restaurant.

The Commercial Lease between Shefman and Los Gallos contains two key sections. The first is Section 5, titled "Sale of Property," which grants Los Gallos a ROFR to purchase the Property on the same terms as any bona fide offer made to Shefman:

> If this property is put up for sale LANDLORD shall notify TENANT of any bona fide offer for the purchase of same and the TENANT shall have the right of first refusal to accept said offer for the purchase of the property or portion of property to be sold upon the same terms and conditions presented to LANDLORD.
>
> In the event TENANT exercises the right to purchase said property as provided in this lease agreement, then TENANT shall give to LANDLORD 15 days' notice in writing of his intention. If notice is not given within the 15-day period, TENANT's right of first refusal shall terminate and LANDLORD may sell the above described property to a bona fide purchaser. The new owner can terminate this lease by giving 6 months' notice to TENANT of his desire to terminate this lease.

The second key provision is Section 19, titled "Holding Over," which provides that Los Gallos becomes "a tenant from month to month" if it remains in possession of the leased premises after the lease terminates:

> In the event TENANT remains in possession of the Property at the termination of this lease and without the execution of a new lease, TENANT shall be deemed as a tenant from month to month.

2

When the lease terminated, the parties did not execute a new lease, but Los Gallos remained in possession of the leased premises and so became a month-to-month tenant under Section 19. During Los Gallos's month-to-month tenancy, two third parties (the tenants possessing the other two storefronts) made an offer to buy the Property. Los Gallos attempted to exercise its ROFR under Section 5. Shefman rejected Los Gallos's offer, accepted the third parties' offer instead, but ultimately decided not to sell the Property and terminated its contract with the third parties.

Los Gallos then sued Shefman for breach of contract, seeking specific performance of its ROFR. Los Gallos and Shefman both moved for summary judgment. The trial court denied Shefman's motion and granted Los Gallos's motion. In its partial-summary-judgment order, the trial court declared that (1) Los Gallos's ROFR remained in effect during its month-to-month tenancy, (2) Los Gallos properly exercised its ROFR, and (3) Shefman had a duty to accept Los Gallos's offer to buy the Property. The trial court granted Shefman permission to appeal its order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. Civ. P. 168. The trial court found that there exists a controlling question of law as to which there is a substantial ground for difference of opinion, namely, "whether a right of first refusal contained in a commercial lease is still valid and enforceable after the term of that lease has expired and the tenant has remained a tenant from month to month." The trial court further found that an immediate appeal would advance the ultimate termination of the litigation because Los Gallos has remaining claims for damages and attorney's fees whose ultimate resolution depends on the resolution of the controlling question of law.

Shefman then filed a petition for permission to appeal, which we granted. *Shefman Fam. Ltd. P'ship v. Los Gallos Mexican Rest., LLC*, No. 03-25-00406-CV,

3

2025 WL 2077079, at *1 (Tex. App.—Austin July 24, 2025, order) (per curiam). This appeal followed.

**DISCUSSION**

On appeal, Shefman challenges the district court's partial-summary-judgment order, which we review de novo. *Gym-N-I Playgrounds, Inc. v. Snider*, 158 S.W.3d 78, 83 (Tex. App.—Austin 2005), *aff'd*, 220 S.W.3d 905 (Tex. 2007) (reviewing summary judgment in lease-construction case de novo); *see also Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 147 (Tex. 2022) ("[P]ermissive appeals are resolved according to the same principles as any other appeal."). Specifically, Shefman argues that the district court erred in ruling that Shefman had a duty to accept Los Gallos's offer to buy the Property because Los Gallos's ROFR under Section 5 of the Commercial Lease did not remain valid and enforceable after Los Gallos became a "tenant from month to month" under Section 19.

Shefman's argument proceeds as follows: When the Commercial Lease terminated, Los Gallos became "a tenant from month to month" under Section 19. A month-to-month tenancy under Section 19 is the equivalent of a tenancy-at-will under the common law. Under Texas law, a tenancy-at-will is presumptively governed by the terms of the prior lease. *Carrasco v. Stewart*, 224 S.W.3d 363, 368 (Tex. App.—El Paso 2006, no pet.) (in tenancy-at-will, "[t]he law implies an agreement on the part of the landlord that he will let and on the part of the tenant that he will hold on the same terms of the expired lease"). But no Texas court has expressly held that a ROFR in the prior lease applies to a subsequent tenancy-at-will. The majority rule in other jurisdictions is that a ROFR presumptively does not apply to a subsequent tenancy-at-will because a ROFR is not an essential term of the prior lease. *See, e.g.*,

4

*Smyth v. Berman*, 242 Cal. Rptr. 3d 336, 345–46 (2019) (adopting "majority rule," which "presumes" that ROFR is not essential lease term and therefore does not carry forward into holdover tenancy). Shefman contends that the majority rule is consistent with the historical basis for a common-law tenancy-at-will and furthers sound public policy. Therefore, Shefman urges us to adopt the majority rule and hold that the ROFR in Section 5 did not remain valid and enforceable after Los Gallos became a month-to-month tenant under Section 19.

Los Gallos's response: When the Commercial Lease terminated, Los Gallos became "a tenant from month to month" under Section 19. In a month-to-month tenancy under Section 19, the terms from the original lease continue to apply, but just on a month-to-month basis. Therefore, because the ROFR was a term of the original lease, it remained valid and enforceable during Los Gallos's month-to-month tenancy.

The parties agree that when Los Gallos exercised its ROFR, it was a "tenant from month to month" under Section 19 of the Commercial Lease. They disagree as to what it exactly means for Los Gallos to have been a "tenant from month to month." Los Gallos contends that it means that Los Gallos continued to be a tenant under the lease with a tenancy governed by the terms of the original lease that would automatically continue for successive monthly periods unless terminated at the end of a period by notice. Shefman contends that this means Los Gallos became a tenant-at-will under the common law with a tenancy governed by the terms implied by the common law.

Ultimately, however, this disagreement is immaterial because the outcome is the same under both analyses. If Los Gallos's status is best characterized as a month-to-month tenancy with the lease's terms continuing to apply, then the ROFR remained valid and enforceable, since it is one of the terms of the lease. *See Gym-N-I Playgrounds, Inc. v. Snider*,

5

220 S.W.3d 905, 908–09 (Tex. 2007) (lease with holdover clause continued to be governed by original lease terms during holdover tenancy). If Los Gallos's status is best characterized as a tenancy-at-will under the common law, the ROFR likewise remained valid and enforceable, since in Texas "the terms of the prior lease will continue to govern [a tenancy-at-will] absent an agreement to the contrary." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 916 (Tex. 2013).

Assuming for the sake of argument the latter scenario best describes Los Gallos's status and we were inclined to adopt the so-called majority rule, we would lack the authority to do so, as the Texas Supreme Court has already held that in a tenancy-at-will, the terms of the prior lease "continue to govern absent an agreement to the contrary." *Id.*; *Lamar Advantage Outdoor Co. v. LaCore Enters., LLC*, No. 05-23-00210-CV, 2025 WL 4643338, at \*10 n.22 (Tex. App.—Dallas Mar. 11, 2025, pet. filed) (mem. op.) (declining appellant's invitation "to deviate from this Texas precedent and, instead, apply what a California state appellate court describes as a 'majority rule' in which rights of first refusal (like options to purchase provisions) do not carry forward to a holdover tenancy" and observing that, under Texas law, "a right of first refusal, unlike an option, can carry forward to a holdover tenancy at will").

We hold that the Los Gallos's ROFR under Section 5 of the Commercial Lease continued to be valid and enforceable during Los Gallos's month-to-month tenancy under Section 19. Therefore, we overrule Shefman's sole issue.

## CONCLUSION

We affirm the district court's partial-summary-judgment order.

6

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Affirmed

Filed:   June 26, 2026